Mr. Justice Teottee
delivered the opinion of the Court.
The plaintiff in error was indicted in the criminal court of Adams county for selling spirituous liquors in less quantities than one gallon, in violation of the act of 1839. The indictment has three counts; in the first of which the defendant is charged with having unlawfully sold and retailed vinous and spirituous liquors in a less quantity than one gallon; and also with having then and there suffered the same so sold, as aforesaid, to be drank in and about his house. The second count charges that the defendant did, unlawfully, gratuitously, and without special charge therefor, offer, give and deliver such liquors in less quantity than one gallon to persons who were the guests of the said defendant. The third count contains a general charge of a violation of the act, but specifies no instance. The jury found the defendant guilty; when he moved to arrest the judgment, which was overruled, and final judgment rendered against him.
*251 Two errors have been assigned. 1st. That the indictment is defective ; 2d. and that the record does not show that the grand jury were sworn as required by law.
1st. The objection to the indictment is confined chiefly to the structure of the first count, which it is said contains two distinct offences; the one for selling in a less quantity than one gallon, and the other for suffering the spirits to be drank in and about the house of the defendant.
The section of the statute under which this count of the indictment was framed, is in the following words: “ It shall not be lawful for any person to sell or retail any vinous or spirituous liquors in less quantities than one gallon, nor suffer the same or any part thereof to be drank or used in or about his or her house.”
This section does, evidently, embrace two separate and distinct offences. The first member of the section makes it unlawful to sell in a less quantity than one gallon. The violation of the act is completed by the sale of the prohibited quantity; and it is immaterial in that case, whether the spirits are drank about the house of the vendor or elsewhere. The second member of the section makes it unlawful for the person selling the spirits to suffer the same to be used about his house, whatever may be the quantity which is sold. A person may hence be guilty under the second member of the section, who has committed no violation of the first. For instance, it is lawful to sell one gallon under the act, but it is not lawful when so sold for the vendor to suffer it to be drank in or about his house. This count is therefore manifestly bad for duplicity and uncertainty.
It is impossible for the defendant to ascertain what violation of the law he is charged with under this count. He could not therefore be prepared, from any information which it communicates, to make his defence. For this reason it is bad. The second count is a charge of violating that section of the statute which provides that it shall not be lawful for any innkeeper to offer any spirituous liquors to his guests, either gratuitously or without special charge therefor, in less than the quantity of one gallon, (How. & Hutchinson’s Dig. 187,) and contains a state- *252 meat of the offence with sufficient certainty to justify a conviction. It alleges that the defendant was a tavernkeeper and innkeeper, and as such did offer and give spirits to his guests without charge for the same in a less quantity than one gallon. This being the case, the general verdict of guilty will be sufficient to warrant the judgment. For the principle is well settled, that if there be one or more good counts in a bill of indictment, the verdict will be supposed to have been found under them, and judgment will not be reversed because there may be one faulty count. This point has been frequently settled by this Court.
The objection that it does not appear from the record that the grand jury was sworn, must have been taken under a misapprehension of the record, for it shows that fact fully.
The judgment must be affirmed.